## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HARRY W. HANSEN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 09-266-LPS |
| | : | |
| E. I.. DUPONT DE NEMOURS AND | : | |
| COMPANY | : | |
| | : | |
| Defendant. | : | |

## <u>MEMORANDUM ORDER</u>

At Wilmington this 27th day of September, 2011:

Presently before the Court are objections to Magistrate Judge Thynge's Report and

Recommendation ("R&R") (D.I. 71) regarding the motion for summary judgment filed by E. I.

DuPont De Nemours and Company ("Defendant") (D.I. 66). For the reasons discussed below,

the Court will overrule the objections and adopt Magistrate Judge Thynge's R&R.

### I.    <u>BACKGROUND</u>

Plaintiff Harry W. Hansen ("Plaintiff"), who proceeds pro se, filed the instant civil rights

action against Defendant on April 22, 2009. (D.I. 2) Plaintiff alleges Defendant discriminated

against him based on a perceived disability in violation of the Americans with Disabilities Act

("ADA"), 47 U.S.C. § 12132, and also asserts a state law claim for defamation.

On September 30, 2010, Defendant filed a motion for summary judgment. (D.I. 66) On

February 9, 2011, Magistrate Judge Thynge issued the R&R, which recommended granting the

Defendant's motion for summary judgment. (D.I. 71 at 14) Specifically, the R&R concluded

1

that Plaintiff failed to establish a prima facie case of discrimination under the ADA. (D.I. 71 at

8)  The R&R also recommended entry of summary judgment for Defendant on Plaintiff's

defamation claim.  (*Id.* at 13)  On February 18, 2011, Plaintiff filed objections to the Report.

(D.I. 72)  Subsequently, on March 3, 2011, Defendant filed a response to Plaintiff's objections.

(D.I. 74)

## II.    **LEGAL STANDARDS**

When reviewing the decision of a magistrate judge on a dispositive matter, the Court

conducts a *de novo* review.  28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(3).  A motion for

summary judgment is considered a dispositive matter; therefore, the findings and conclusions of

the magistrate judge in connection with such motions are reviewed *de novo.*  Fed. R. Civ. P.

72(b)(3).  The Court may accept, reject, or modify the recommendations of the magistrate judge.

*Id.*  The Court may also receive further evidence or return the matter to the magistrate judge with

instructions for proceeding.  *Id.*

A party is entitled to summary judgment if a court determines that there are no genuine

issues of material fact, and the moving party is entitled to judgment as a matter of law.  Fed. R.

Civ. P. 56.  In doing so, the Court must review all of the evidence and draw all reasonable

inferences in the light most favorable to the non-moving party, and should not make credibility

determinations or weigh the evidence.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255

(1986).

## III.   **DISCUSSION**

Reviewing the R&R *de novo*, the Court concludes that Magistrate Judge Thynge did not

err in recommending that Defendant's motion for summary judgment be granted.  Plaintiff's first

2

four objections are based on factual allegations relating to Defendant's corporate policies, which Plaintiff failed to raise before Magistrate Judge Thynge and which are unsupported by anything in the record. (*See* D.I. 72)  However, even if true, these factual assertions do not support denying the motion for summary judgment.  Specifically, Plaintiff has not raised any objection indicating that Defendant regarded him as being disabled or that it discriminated against him on that basis.  The Court agrees with Magistrate Judge Thynge that Plaintiff has failed to establish that he was regarded as disabled or that Defendant took any adverse employment action because of a disability. (D.I. 71 at 10)  Therefore, the Court overrules Plaintiff's objections relating to the ADA claim.

Plaintiff's fifth objection relates to his defamation claim. (D.I. 72)  Specifically, Plaintiff asserts "[w]here the defamatory oral statement imputes a crime, a cause of action for slander can exist without proof of special damages (changing the wording of an e-mail, perjury, fraud)." (D.I. 72)  Although this is a correct statement of the law, it is inapplicable to the present case because Plaintiff's complaint does not allege that crimes were imputed to him.  Instead, as Defendant points out, these are allegations Plaintiff has made against other DuPont employees. (D.I. 74 at 6)  The Court agrees with Magistrate Judge Thynge's finding that Plaintiff has failed to allege that there was a defamatory statement made for which there are recoverable damages. (D.I. 71 at 13)  Accordingly, the Court overrules Plaintiff's objection relating to the defamation claim.

3

IV.   **CONCLUSION**

For the above reasons, **IT IS HEREBY ORDERED** that:

1.      Plaintiff's objections to Magistrate Judge Thynge's Report and Recommendation

(D.I. 72) are **OVERRULED**.

2.      The Report and Recommendation (D.I. 71) is **ADOPTED.**

3.      Defendant's Motion for Summary Judgment (D.I. 66) is **GRANTED**.

4.      The Clerk of Court is directed to **CLOSE** this action.

_____
UNITED STATES DISTRICT JUDGE